IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

CARRIE A. McMELLON,  :
LORI DAWN WHITE,  :     Civil No. 3:00-0582
KATHY D. TEMPLETON and  :
CHERI CALL,  :
  :
                          Plaintiffs,  :
  :
        v.  :
  :
UNITED STATES OF AMERICA,  :
  :
                          Defendant.  :

## JOIN MOTION FOR VACATUR

JOINT MOTION FOR VACATUR

PRELIMINARY STATEMENT

This action is presently pending before the Court of Appeals for the Fourth Circuit ("Fourth

Circuit"), Case No. 06-2102.  All parties have agreed on a procedure to fully and fairly expedite

resolution of all issues in this case.  An important part of this procedure is this FED. R. CIV. P. 60(b)

request to this honorable Court to vacate two of its prior decisions.  Under the accepted procedure

for vacatur in this instance, the parties respectfully request that the Court indicate its willingness to

vacate those decisions by memorandum to the Fourth Circuit.  Upon receipt, the Fourth Circuit then

can issue a limited remand to this Court to execute the vacatur.  All parties request that this Court

grant this vacatur request.

BACKGROUND

This lengthy case involves a boating accident at the Robert C. Byrd Dam on August 5, 1999.

The plaintiffs filed their action on July 10, 2000.  *See* Clerk's file, Doc. No. 1 (Complaint in

Admiralty).  On April 8, 2002, this Court granted the United States' motion for summary judgment

and entered judgment for the United States.  *See* Clerk's file, Doc. No. 81 (Order);McMellon v.

United States, 194 F. Supp. 2d 478 (2002).  On May 6, 2002, the plaintiffs appealed that decision

to the Fourth Circuit.  *See* Clerk's file, Doc. No. 84 (Notice of Appeal).  On December 8, 2004, the

Fourth Circuit remanded the case to this Court.  *See* McMellon v. United States, 387 F.3d 329 (2004)

(*en banc*) (Opinion, Judgment, and Mandate); Clerk's file, Doc. Nos. 97-98.  After a trial, this Court

entered Judgment for the plaintiffs On July 26, 2006.  *See* Clerk's file, Doc. No. 165 (Judgment

Order).  The United States appealed to the Fourth Circuit on September 25, 2006.  *See* Clerk's file,

Doc. No. 170 (Notice of Appeal).  The appeal remains pending.

<u>DISCUSSION</u>

In this joint motion, all the parties request the Court to vacate the following discrete prior

decisions in this case:

> Memorandum Opinion and Order, entered on October 18, 2005 (denying the United
> States' motion to dismiss or, in the alternative, for summary judgment).  *See* Clerk's
> file, Doc. No. 107; McMellon v. United States, 395 F. Supp. 2d 422 (2005).

> Memorandum Opinion and Order, entered on July 26, 2006 (trial findings of fact and
> conclusions of law).  *See* Clerk's file, Doc. No. 164; McMellon v. United States,
> 2006 WL 2099211 (S.D.W. Va. Jul. 26, 2006).

This motion is not intended to include any request for the Court to change any other decisions,

orders, or judgments in this case.

As set forth above, it is now over seven years since the plaintiffs' boating accident.  In

addition, the first appeal in this case took over two and one-half years.  It is not known how long the

present appeal will take.  As a result, the parties have repeatedly met and discussed resolving this

case to achieve a prompt and acceptable result.  As a result of those discussions, the parties were able

to reach an amicable result, with this requested vacatur request being one of the requirements.

Granting this request would bring finality to the plaintiffs and assist the United States as a frequent litigator in Federal court. Accordingly, all parties request that the Court grant this request so as to effectuate their agreement and thus help resolve this case in a prompt and fair manner.

The requested vacatur is a recognized resolution in the Fourth Circuit. *See* <u>Fobian v. Storage Tech. Corp.</u>, 164 F.3d 888, 889-90 (4th Cir. 1999).[1] Under the procedures set forth by the Fourth Circuit, a party or parties first file a Rule 60(b) motion with the District Court. *Id.* As the case is still on appeal, if the Court is inclined to grant this Rule 60(b) motion, it should

> indicate its inclination to grant the motion in writing; a litigant, armed with this positive signal from the district court, can then seek limited remand from the appellate court to permit the district court to grant the Rule 60(b) motion. . . . This procedure both assists the parties and aids the appeal.

> In sum, when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly. . . . If the district court is inclined to grant the motion, it should issue a short memorandum so stating. The movant can then request a limited remand from [the Fourth Circuit] for that purpose. By saving judicial resources and avoiding expense and delay, this procedure accords with the overarching mandate in the Federal Rules of Civil Procedure that the rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1; *see Farrell v. Trail mobile, Inc.*, 223 F.2d 697, 699 (5th Cir.1955).

*Id.* at 891.[2]

---

[1]     *See also* <u>Brooks v. Bird</u>, 158 Fed. Appx. 427, 428+ (4th Cir. Dec 13, 2005) (not otherwise reported); and <u>Leudvick v. Cherry</u>, 108 Fed. Appx. 87, 88+ (4th Cir. Aug 24, 2004) (not otherwise reported).

[2]     For sister circuit agreement, *see id.* at 892, *citing*, <u>United States v. Cronic</u>, 466 U.S. 648, 667, 104 S.Ct. 2039, 2039, 80 L.Ed.2d 657 (1984) (criminal case holding vacatur procedures proper); <u>Puerto Rico v. SS Zoe Colocotroni</u>, 601 F.3d 39, 41-42 (1st Cir. 1979); <u>Toliver v. County of Sullivan</u>, 957 F.2d 47, 49 (2d Cir. 1992); <u>United States v. Contents of Accounts Nos. 3034504504 and 144-07143</u>, 971 F.2d 974, 988 (3d Cir. 1992); <u>Winchester v. United States Attorney for S. Dist. of Tex.</u>, 68 F.3d 947, 949 (5th Cir. 1995); <u>Brown v. United States</u>, 976 F.2d 1104, 1110-11 (7th Cir. 1992); <u>Winter v. Cerro Gordo County Conservation Bd.</u>, 925 F.2d 1069, 1073 (8th Cir. 1991);
(continued...)

In this case, the parties, in consultation with Fourth Circuit personnel, have devised a means to promptly and fairly resolve all issues in this action.  Therefor, the parties here jointly request this Court to indicate to the Fourth Circuit, by a short memorandum, its willingness to vacate the above indicated decisions.  A proposed memorandum to that effect is attached.

Respectfully submitted:

**s/Todd M. Powers**
TODD M. POWERS (W.V. #6462)
Attorney for Plaintiffs
SCHROEDER, MAUNDRELL, BARBIERE & POWERS
11935 Mason Road, Suite 110
Cincinnati, Ohio  45249
Telephone:      (513) 583-4200
Facsimile:       (513) 583-4203
E-mail:           tpowers@schroederlaw.com

PETER D. KEISLER
Assistant Attorney General

CHARLES T. MILLER
United States Attorney

**s/Stephen Horn**
STEPHEN HORN
Assistant United States Attorney

**s/Stephen R. Campbell**
STEPHEN R. CAMPBELL
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
Ben Franklin Station
Post Office Box 14271
Washington, DC  20044-4271
Telephone:      (202) 616-4026
Facsimile:       (202) 616-4002
E-mail:           stephen.campbell@usdoj.gov

------------------------------------------------

[2](...continued)
Aldrich Enter., Inc. v. United States, 938 F.2d 1134, 1143 (10th Cir. 1991); Hoai v Vo, 935 F.2d 308, 311-12 (D.C. Cir. 1991).

4